UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                                          Crim. No. 09-139 (JNE/JJK)
                                                                          ORDER

Arthur James Chappell,

        Defendant.

On March 16, 2011, the Defendant appeared for sentencing. After the sentence was pronounced, the Defendant raised a new issue—he claimed that his prior attorney had not informed him of plea agreement offers. Two days later, on March 18, 2011, the Court held an evidentiary hearing on the new issue at which both the Defendant and his former counsel testified. The Court construes the Defendant's stated concern as a motion for a new trial and, for the reasons set forth herein, denies the motion. The sentencing judgment may now be entered.

The Defendant made two prior motions for a new trial. Those motions were disposed of after an evidentiary hearing by Order dated February 10, 2011. As more fully set forth in that Order, the Defendant claimed ineffective assistance of his trial counsel.

Two things occurred at the sentencing hearing that are of note for present purposes. First, the government articulated its position that the statutory requirement of a life sentence did not apply to the Defendant even though he has a prior conviction for sexual abuse of a minor. *See* 18 U.S.C. § 3559(e) (2006) ("A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed."). The Defendant— although he had agreed with the presentence investigation report's guideline calculations, which

provided for the mandatory life sentence—concurred, not surprisingly, with the government's position. The Court accepted the joint proposition and found that the guideline range was 360 months to life. The Defendant then objected to several components of the calculation but none of those would have altered the guideline range which remains indisputably 360 months to life. The court imposed a sentence of 336 months.

Second, the Defendant personally (not his counsel) indicated a desire to address the Court after the sentence was pronounced, and the Court allowed him to say what was on his mind. In essence, Mr. Chappell expressed dismay that he had not learned earlier that the government would argue against the mandatory life sentence. What triggered the March 18 hearing, though, was his claim that his prior counsel had not informed him that the government had offered him a plea deal for a sentence less than life. If true, that would constitute ineffective assistance of counsel, and such a claim would mandate a hearing if it were raised in a claim for post-conviction relief. *See Wanatee v. Ault*, 259 F.3d 700, 703 (8th Cir. 2001) ("[A] large body of federal case law holds that a defendant who rejects a plea offer due to improper advice from counsel may show prejudice . . . even though he ultimately received a fair trial."). In the interest of efficiency and because the sentencing judgment had not yet been filed, the Court scheduled a hearing on the matter forthwith.

Based upon the testimony adduced at the hearing, the Court makes the following findings of fact:

1.   The government made at least one offer in advance of trial to allow the Defendant to plead guilty. A written offer was made that contained a rage of 292 – 365 months. The Defendant believes he was also offered a plea in the 15 – 20 year range. The offer was communicated to Caroline Durham, the Defendant's prior counsel.

2. Ms. Durham communicated the offer, or offers, to the Defendant.

3. Ms. Durham encouraged the Defendant to accept a plea offer.

4. The Defendant refused to accept a plea offer.

5. The Defendant's assertion that when Ms. Durham communicated a 15 – 20 year offer to him she simultaneously told him that he would have to serve life even if he accepted the offer is not credible.

6. The Defendant never expressed a desire to plead guilty and steadfastly maintained to Ms. Durham that he was not interested in pleading guilty to any crime involving an admission of fraud, force, or coercion.

7. The Defendant testified that he would have "definitely considered" a 10 year plea deal but he is not sure he would have taken it. The government did not offer a 10 year deal.

8. The Defendant believed, and continues to believe, that God will set him free and work a miracle for him. He communicated that belief to Ms. Durham.

9. Ms. Durham became so concerned with the extent to which the Defendant seemed fixedly attached to the notion of God delivering him that she arranged to have him examined by a psychologist. The examination did not reveal incompetence.

10. The Defendant's assertion that he was unable to comprehend how the government could be offering him a 15 – 20 year plea when he faced life in prison is not credible.

11. Any misunderstanding by the government, defense counsel, or the Defendant about whether the Defendant's prior conviction for sexual abuse of a minor triggered a mandatory life sentence had no effect on whether the Defendant was willing to accept the plea offer made to him.

In connection with the eleventh finding of fact, the Court observes that if a person refuses to accept a negotiated plea when he believes he will face life in prison if convicted by a jury, that person would be less—not more—likely to accept a negotiated plea if he believes an argument can be made that, upon conviction by a jury, he actually faces an advisory guideline range of 360 to life.  Here, the government acted responsibly in advocating against applying the mandatory life provision of 18 U.S.C. § 3559(e).  The Defendant's attempt to turn the government's action further to his benefit is not availing.

Contrary to the Defendant's assertion, Ms. Durham did communicate the plea offer to the Defendant.  She attempted to persuade him to accept the offer (or offers), and she went so far as to engage the services of a psychologist to ensure that the Defendant was competent in his rejection of the offer.  Her representation was fully effective in this regard.  *Cf. Sanders v. United States*, 341 F.3d 720, 722-23 (8th Cir. 2003); *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) ("To establish prejudice . . . the movant must show that, but for his counsel's advice, he would have accepted the plea.  To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised.").  The Defendant has not shown that he would have pleaded guilty pursuant to any offer that was communicated by the government to his counsel.  Therefore, he has not established prejudice.

The Court delayed issuing this Order because counsel requested time, at the end of the March 18 hearing, to supplement the record.  By letter dated March 22, counsel informed the Court that supplementation would not be forthcoming.  It appears from the electronic docket that the Defendant has filed a notice of appeal.  Because the sentencing judgment has not yet issued, this Court has not lost jurisdiction.  Defendant's appeal notice (Docket No. 137) will be treated

as filed on the date of, and after, the entry of judgment. Fed. R. App. P. 4(b)(2); Fed. R. App. P. 4(b)(3)(B).

The Defendant's third motion for a new trial is denied.

IT IS SO ORDERED.

Dated:  March 30, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
