UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Criminal No. 09-139 (JNE/JJK)

ARTHUR JAMES CHAPPELL,

        Defendant.

---

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ARTHUR JAMES CHAPPELL'S MOTION TO DISMISS THE
SUPERSEDING INDICTMENT BASED UPON VINDICTIVE PROSECUTION**

This memorandum of law is filed in support of the defense motion to dismiss the superseding indictment based upon vindictive prosecution.

BACKGROUND

The facts set out below are the foundation for this defense motion to dismiss. These facts are generally a matter of record and can be found in the Docket Entries cited. Facts not supported by reference to a Docket Entry (DE) will be established by the defense at the evidentiary hearing.

1. Defendant was initially indicted on May 19, 2009. DE 1.

2. Defendant was indicted on a single count of sex trafficking of a minor in violation of 18 USC § 1591. DE 1.

3. Assistant Federal Defender Caroline Durham was appointed as counsel for Defendant on June 25, 2009. DE 8.

4. Defendant was detained on May 29, 2009. DE 10. (Defendant has been in custody continuously since at least May 29, 2009.)

5. Jury trial was conducted on September 13 - 15, 2010. DE 83.

6. A verdict of guilty as to one prong of the indictment (age) was announced on September 15, 2010. DE 87. Defendant was found not guilty of the fraud, force or coercion prong of the initial indictment. DE 87 is the Special Verdict Form used. The jury was given an option of convicting Defendant on the age prong, or on the fraud, force and coercion prong, or on both prongs of 18 UCS § 1591. The jury only convicted Defendant on the age prong.

7. After trial Defendant fired Ms. Durham. Thomas Plunkett was appointed on October 15, 2010. DE 103.

8. Arthur J. Martinez was retained and replaced Mr. Plunkett on November 8, 2010. DE 104.

9. A flurry of post-trial pleadings were filed and hearings were held from November 24, 2010 to March 22, 2011 on various issues mostly involving motions for new trial and alleging ineffective assistance of counsel on the part of Ms. Durham. DE 114 – 136.

10. On March 16, 2011, Defendant was sentenced to 336 months in prison. DE 134.

11. Defendant filed a notice of appeal on March 28, 2011. DE 137.

12. Defendant fired Mr. Martinez on April 20, 2011. DE 143.

13. On April 20, 2011, the Eighth Circuit appointed undersigned counsel to represent Defendant on the appeal. DE 144.

14. Briefs were filed and oral argument held on the appeal in the normal course and manner.

15. On January 20, 2012, the Eighth Circuit reversed Defendant's conviction and sentence, and remanded for new trial. Remand was based on an incorrect jury instruction and plain error. DE 148-149.

16. The Mandate of the Court of Appeals was filed February 10, 2012. DE 150.

17. The Speedy Trial deadline expires April 20, 2012. See 18 USC 3161.

18. It was not until March 2012, almost two months after Defendant won his appeal that Defendant was returned to the District of Minnesota by way of a prosecutor's writ and not by a court order or warrant of arrest as required by Rules 5, 9 and 10 of the Federal Rules of Criminal Procedure.

19. On March 12, 2012, Defendant made an initial appearance the District of Minnesota. DE 155.

20. On March 14, 2012, Defendant was detained and arraigned on the original one count indictment. DE 159.

21. Disclosures were to be made by March 19, 2012. Defense motions were to be filed by March 26, 2012. Any government response to defense motions was to be filed by March 29, 2012. A motions hearing was set for April 2, 2012. DE 160-161.

22. The government failed to provide a copy of discovery as ordered. Instead, the government referred defense counsel to the discovery previously disclosed in 2009. This discovery is comprised of about 2,600 pages of materials. The government did permit counsel to view discovery, however, in its offices on March 25, 2012.

23. The defense timely filed its pretrial motions on March 26, 2012. DE 164 – 178.

24. Trial was set for April 16, 2012, which was within the time allowed by the Speedy Trial Act. DE 162

25. On March 29, 2012, the AUSA moved for a continuance of the April 2, 2012 motions hearing based on a motion and "declaration." DE 179-180. The United States filed no motions and did not oppose any motions filed by the defense.

26. The defense opposed the motion for a continuance of the motions hearing. DE 182.

27. The Magistrate Judge granted the government motion to continue the motions hearing over defense objection. DE 182 – 183.

28. The motions hearing was reset for May 29, 2012, which is beyond the deadline for trial under the Speedy Trial Act.

29. In 2009, AUSA Erica H. MacDonald was the first prosecutor in this case. Ms. MacDonald presented the case to the grand jury, and sought a one-count indictment. DE 1.

30. On December 30, 2009, AUSA Erika R. Mozangue took over the case. Ms. Mozangue did not seek to supersede the indictment. Ms. Mozangue presented the case to the jury on the one count of sex trafficking of a minor.

31. After Defendant was successful in his appeal, AUSA David P. Steinkamp took over the case on February 23, 2012. Mr. Steinkamp removed the Defendant from a federal prison located in another federal district to the District of Minnesota, but did so in violation of Rules 5, 9 and 10 of the Federal Rules of Criminal Procedure. On March 29, 2012, he moved for a continuance of the April 2, 2012 motions hearing. He then presented the case to the second grand jury that returned the 11-count superseding indictment on April 3, 2012. DE 184.

32. The 11-count superseding indictment charges the Defendant with: 1. Sex Trafficking of a Minor (the original count); 2. Sex Trafficking of a Minor (second victim); 3. Possession

of Child Pornography; 4. Conspiracy to Possess Child Pornography; 5. Conspiracy to Produce Child Pornography; 6. Enticement to Travel to Engage in Prostitution; 7. Transportation with Intent to Engage in Prostitution; 8. Enticement to Travel to Engage in Prostitution (second victim); 9. Transportation with Intent to Engage in Prostitution (second victim); 10. Conspiracy to Entice to Travel to Engage in Prostitution; 11. Conspiracy to Transport with Intent to Engage in Prostitution.

33. Each of the 11 counts of the superseding indictment is based wholly on the investigation and the disclosures that existed in 2007. There was nothing new in the case.

34. On April 4, 2012, the Magistrate Judge established a new schedule. Disclosures were due April 11, 2012. Defense motions were due April 18, 2012. DE 186.

35. Mr. Steinkamp made the required disclosures to the defense on April 8, 2012. The discovery was a portion of the 2,600 Bate numbers from of the old discovery provided to the defense in 2009. There was nothing new provided. This was no new evidence.

## ISSUE AND ARGUMENT

**DO THE FACTS SUPPORT A FINDING THAT THE SUPERSEDING INDICTMENT, WHICH ADDED 10 COUNTS TO THE ORIGINAL ONE - COUNT INDICTMENT, IS BASED UPON VINDICTIVE PROSECUTION THAT REQUIRES THE COURT TO DISMISS ON DUE PROCESS GROUNDS, WHERE THE SUPERSEDING INDICTMENT IS BASED ON THE SAME INVESTIGATION AND ALLEGATIONS AS THE ORIGINAL ONE-COUNT INDICTMENT, AND ONLY CHANGE IN CIRCUMSTANCE AND POSTURE OF THE CASE IS THE DEFENDANT'S SUCCESSFUL APPEAL AND THE APPEARANCE IN THE CASE OF A NEW ASSISTANT UNITED STATES ATTORNEY?**

The 11-count superseding indictment orchestrated by the third assistant United States attorney on the case, following Defendant's successful appeal, and after two other assistant United States attorneys examined all of *same* the evidence, but only indicted on one count, contravenes the Due Process Clause of the Fourteenth Amendment. A person is entitled

to pursue his right to appeal without apprehension that the government will retaliate by substituting more serious charges for the original charge and thus subject him to a significantly increased potential period of incarceration. *Blackledge v. Perry*, 417 U.S. 21 (1974).

Mr. Steinkamp returned Mr. Chappell to this federal district in violation of Rules 5, 9 and 10 of the Federal Rules of Criminal Procedure. Mr. Steinkamp moved for and was granted over defense objection a delay of the trial beyond the Speedy Trial deadline by a motion and declaration. His action has now put the trial beyond the April 20, 2012, deadline set forth in 18 USC § 3161. On April 3, 2012, Mr. Steinkamp procured a superseding indictment based wholly on the original investigation from 2007. This was the same investigation that was the basis of the single count indictment tried before Judge Ericksen in 2010. No new evidence was disclosed.

All of the 11 counts cite to allegations and purported facts that were established by the investigation the government conducted in 2007. *Blackledge* and Eighth Circuit opinions that have applied *Blackledge*; e.g., United *States v. Campbell*, 410 F.3d 456 (8th Cir. 2005); *United States v. Leathers*, 354 F.3d 955 (8th Cir. 2004); *United States v. Kelley*, 152 F.3d 881 (8th Cir. 1998); *United States v. Schwalb*, 83 F.3d 1039 (8th Cir. 1996); *United States v. Rodgers*, 18 F.3d 1425 (8th Cir. 1994); *United States v. Grabinski*, 674 F.2d 677 (8th Cir. 1982); and *United States v. Partyka*, 561 F.2d 118 (8th Cir. 1977), support the conclusion that under the facts of the Chappell case, vindictive prosecution has been established. Mr. Steinkamp has no new evidence. All that is known now was known before the original one-count indictment was filed. The only intervening fact is Mr. Chappell's successful appeal and his refusal to negotiate a plea deal with Mr. Steinkamp.

The defense does not have any evidence, and does not need evidence of "bad faith" on the part of Mr. Steinkamp. In *Blackledge v. Perry, id.* there was no evidence that the prosecutor in that case acted in bad faith or acted maliciously in seeking a felony indictment against Mr. Perry. The rationale of the *Blackledge* decision is not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, the Supreme Court in *Blackledge* based its rationale on this quote from *Benton v. Maryland*, 395 U.S. 784: "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." The *Blackledge* Court applied this same rationale to the actions of a prosecutor: "We think it clear that the same considerations apply here. A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo* without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." *Blackledge*, 417 at 28. *Cf. United States v. Jackson,* 390 U.S. 570. This is what Mr. Steinkamp has done. All applicable authority defines this for what it is: vindictive prosecution violative of Due Process. The thrust of precedent is for the presumption of vindictiveness in situations posing a realistic likelihood of vindictiveness. Blackledge at 27. The prosecutor is obliged to demonstrate that his decisions were not motivated by vindictiveness. In *United States v. Goodwin*, 457 U.S. 386 (1982), the Court in discussing *Blackledge* posed this question and answer: "Is it possible that "the fear of such vindictiveness may unconstitutionally deter" a person in respondent's position from exercising his statutory and

Constitutional right to a jury trial? See *North Carolina v. Pearce, supra*, 395 U.S., at 725, 89 S.Ct., at 2080. The answer to these questions is plainly "Yes." " *Goodwin,* at U.S. 389.

Unless Mr. Steinkamp is able to demonstrate that his actions in procuring the superseding indictment have a legitimate basis, precedent requires this Court to dismiss the superseding indictment.

## CONCLUSION

The Supreme Court in *Blackledge* found that due process of law requires that a *potential* for *vindictiveness* must not enter into the actions of a prosecutor. "We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo.*" Blackledge at page 29. Mr. Chappell has the same due process right to be free from the potential of vindictiveness by Mr. Steinkamp's 'upping the ante' with an 11-count indictment based on the same evidence considered by two prior assistant United States attorneys when each decided to try the case with a one count indictment.

When, as here, a defendant wins an appeal and then refuses to accept a plea deal but rather insists on going to trial, a prosecutor must have new facts, new evidence to support upping the ante, to avoid the *potential* of *vindictiveness*.

The superseding indictment must be dismissed on due process grounds because there is no explanation for the superseding indictment other than vindictive prosecution.

Respectfully submitted,

*Gary R. Wolf*

Dated: April 20, 2012. _____

Gary R. Wolf
Attorney ID No. 129136 (Minnesota)
Attorney for Defendant

Suite 205
250 Second Avenue South
Minneapolis, MN 55401
(612) 333-6000

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been delivered through the Court's electronic filing system to the following at the time of filing:

David Steinkamp, Esq., AUSA
United States Department of Justice
St. Paul, MN

Dated: April 20, 2012.

*Gary R. Wolf*
_____
Gary R. Wolf