UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 09-139 (JNE/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Arthur James Chappell,<br>also known as AJ,<br>also known as J, | |
| Defendant. | |

David P. Steinkamp, Esq., and James E. Lackner, Esq.,
Assistant United States Attorneys, for the Government.
Gary R. Wolf, Esq., for Defendant Arthur James Chappell.

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 17, 2012, on the Defendant's Motion to Dismiss for Vindictive Prosecution. ECF No. 192. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendant's motion be **GRANTED**.

**I. Findings of Fact**

On May 19, 2009, the Defendant was indicted on one count of sex trafficking of a minor. ECF No. 1. On September 15, 2010, the Defendant was convicted on that count following a jury trial. ECF No. 87. The Defendant appealed that conviction to the Eighth Circuit Court of Appeals on March 28, 2011. ECF No. 137. In an Opinion and Judgment dated January 20, 2012, the Court of Appeals reversed the Defendant's conviction and remanded the case for a new trial. ECF Nos. 148, 149. And on February 10, 2012, the Court of Appeals issued its Mandate. ECF No. 150. After

the Mandate issued, a second grand jury returned a Superseding Indictment on April 3, 2012. ECF No. 184. The Superseding Indictment charged the Defendant with the same count of sex trafficking of a minor that the Government had previously pursued. ECF No. 184. But in addition to the original count, the Government charged the Defendant with ten additional counts.[1] *Id.* Now before the Court is the Defendant's motion to dismiss the ten new counts added to the Superseding Indictment as having been returned in violation of *North Carolina v. Pearce*, 395 U.S. 711 (1969), and *Blackledge v. Perry*, 417 U.S. 26 (1974). ECF No. 192.

On July 9, 2012, the Court issued an Order scheduling an evidentiary hearing on Defendant's motion because the presumptions set forth in *Pearce* and *Blackledge* compelled the Court to conduct an evidentiary hearing to determine whether evidence would rebut those presumptions. ECF No. 240. The Government objected to the holding of the evidentiary hearing, appealed the Court's Order of July 9, and sought a stay of the hearing. ECF Nos. 243, 244.

By separate Order, the Court has vacated that portion of the July 9 Order scheduling the evidentiary hearing, rendering moot the Government's appeal. ECF No. 247. In this Report & Recommendation, the Court now finds that because there is no evidence to rebut the presumptions set forth in *Pearce* and *Blackledge*, those cases compel the dismissal of the ten counts added to the Superseding Indictment following Defendant's successful appeal, and recommends that Defendant's motion, ECF No. 192, be granted.

---

[1] The ten additional counts include: an additional count of sex trafficking of a minor, one count of possession of child pornography, one count of conspiracy to possess child pornography, one count of conspiracy to produce child pornography, two counts of enticement to travel to engage in prostitution, two counts of transportation with intent to engage in prostitution, one count of conspiracy to entice to travel in interstate commerce to engage in prostitution, and one count of conspiracy to transport with intent to engage in prostitution. ECF No. 184. The Superseding Indictment also seeks forfeiture of Defendant's property. *Id.*

## II. Conclusions of Law

The law prohibiting the punishment of a criminal defendant in retaliation for his exercise of a protected statutory or constitutional right has its genesis in *North Carolina v. Pearce*, 395 U.S. 711 (1969). In *Pearce*, the defendant was charged with and convicted of assault with intent to commit rape. 395 U.S. at 713.[2] Pearce was sentenced to a term of imprisonment of 12 to 15 years. *Id.* Years after he was sentenced, Pearce successfully challenged his conviction in state post-conviction proceedings on the ground that an involuntary confession had been admitted against him in violation of his constitutional rights. *Id.* After his conviction was reversed, he was retried and convicted again. *Id.* The same trial judge sentenced him "to an eight-year prison term, which, when added to the time Pearce had already spent in prison, . . . amounted to a longer sentence than originally imposed." *Id.* Pearce challenged the constitutionality of the trial court's decision resulting in a longer sentence than he received after the first trial. *Id.* at 714. Although the Court concluded that neither the Double Jeopardy nor Due Process Clause absolutely precludes a judge's imposition of a harsher sentence following retrial of a defendant, it emphasized that "imposition of a penalty upon a defendant for having successfully pursued a statutory right of appeal or collateral remedy would be . . . a violation of due process of law." *Id.* at 724. Further, the Court clarified that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725. Finally, the Court explained that to ensure that a sentencing judge does not have a vindictive motive, "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing

---

[2] *Pearce* involved two separate cases consolidated for appeal before the Supreme Court that involved similar factual backgrounds. *See* 395 U.S. at 713–15 (describing procedural history of the two cases before the Court).

so must affirmatively appear." *Id.* at 726.

The Supreme Court extended the application of the rule announced in *Pearce* to circumstances involving the potential for a prosecutor to retaliate against a defendant who chooses to exercise a valid legal right in *Blackledge v. Perry*, 417 U.S. 21(1974). In *Blackledge,* the defendant Perry, who was confined in a North Carolina penitentiary, "became involved in an altercation with another inmate" and was charged with the misdemeanor of assault with a deadly weapon. 417 U.S. at 22. North Carolina law required the misdemeanor trial to proceed before a district court. *Id.* Perry was convicted of the misdemeanor in the district court after a trial without a jury. *Id.* As was his absolute right under North Carolina law, Perry appealed this conviction to the County Superior Court seeking a trial de novo. *Id.* His appeal nullified the misdemeanor conviction so that the case began "anew in the Superior Court." *Id.* After Perry filed his appeal and before the Superior Court trial, the prosecutor sought and obtained an indictment against Perry for felony assault with a deadly weapon with intent to kill and inflict serious bodily harm. *Id.* at 23. After pleading guilty to the felony count while preserving his right to appeal, Perry challenged his subsequent conviction on the ground that the prosecutor's enhancement of the charge from a misdemeanor to a felony was an unconstitutional penalty "for his exercising his statutory right to appeal." *Id.* at 25. The Supreme Court held "that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo*." *Id.* at 28–29. The Court explained that circumstances may arise where a prosecutor has the readily available opportunity to increase the potential penalties faced by a defendant after exercising his right to appeal, but due process of law requires that in such a situation the defendant be able to exercise his appeal rights without apprehension that the State will

retaliate against him by "upping the ante" should he succeed. *See id.* at 27–28. In other words, to address the potential for such retaliation, a presumption arises in circumstances where there is a "realistic likelihood of 'vindictiveness.'" *Id.* at 27. Consistent with its observations about the presumption in *Pearce*, the Court noted that where this presumption applies, the State could make an evidentiary showing to rebut it. *Id.* at 29 n.7 (noting that the case would be different if "the State had shown that it was impossible to proceed on the more serious charge at the outset").

Thus, *Pearce* and *Blackledge* establish a rebuttable presumption of vindictiveness in certain circumstances, which can be overcome by the presentation of evidence demonstrating legitimate, non-retaliatory reasons for the government's conduct after a defendant exercises his right to appeal. *See United States v. Goodwin*, 457 U.S. 368, 373–76 & n.8 (1982) (explaining that the presumptions established by *Pearce* and *Blackledge* can be overcome by evidence showing the objective reasons for the judge's harsher sentence upon retrial or objective evidence justifying the prosecutor's action in pursuing a more serious charge); *see also United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990) (describing the presumption as "rebuttable").

This rebuttable presumption of vindictiveness applies in the circumstances of this case. After the Defendant was tried and convicted, he successfully exercised his right to appeal and won a reversal of his conviction, to which the Government responded by "upping the ante" and increasing the number of charges against him. The Superseding Indictment charges the Defendant with 11 counts instead of the single count on which he was originally tried. If convicted on all counts in the Superseding Indictment, and assuming he does not have certain prior convictions, the Defendant now faces up to two life sentences plus an additional 120 years in statutory penalties. *See Blackledge*, 457 U.S. at 28 ("A person convicted of an offense is entitled to pursue his statutory right

to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration."); *see also Pearce*, 395 U.S. at 724 ("penalizing those who choose to exercise constitutional rights would be patently unconstitutional") (quotations omitted); *id.* at 725 ("[S]ince the fear of . . . vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."). The circumstances here present a realistic likelihood of retaliatory government conduct; the way the Government has proceeded has the potential to unconstitutionally deter a defendant's exercise of the right to appeal, which is the very fear that the *Pearce* and *Blackledge* rules are designed to alleviate. *See Blackledge*, 417 U.S. at 28.

To determine whether the presumption can be rebutted in this case the Court scheduled an evidentiary hearing to which the Government objected. Consequently, the Government has presented no evidence that would rebut the presumption of vindictiveness. In the absence of any such rebuttal evidence, the Court is compelled to grant the Defendant's motion.[3]

The Government relies on several cases to argue that the *Pearce* and *Blackledge* presumptions do not apply. Specifically, the Government relies on the Supreme Court's decisions

---

[3] While the Government has offered, in argument, what it contends are potential legitimate reasons for its decision, there is no evidence in the record from which the Court can make a finding as to what in fact motivated the Government's charging decision. *See* Letter Brief from James E. Lackner & David P. Steinkamp to United States Magistrate Judge Franklin L. Noel at 2 (July 9, 2012), [ECF No. 246] on file with the Court (arguing that the Government's decision to add charges in the Superseding Indictment was motivated by the Defendant's rejection of a plea offer, the discovery of new evidence, and trial strategy). Without any evidence in the record, however, the Court cannot find that the presumptions established in *Pearce* and *Blackledge* have been rebutted.

6

in *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), *United States v. Goodwin*, 457 U.S. 375 (1982), and *Wasman v. United States*, 468 U.S. 559 (1993). The Government's reliance is misplaced. In *Bordenkircher,* the Supreme Court declined to extend the analysis of *Pearce* and *Blackledge* to the prosecutor's charging decisions in the context of plea bargaining. 434 U.S. at 363 (holding that due process is not implicated where a prosecutor threatens to pursue a more serious charge if the defendant refuses an offer to plead guilty and the prosecutor later proceeds to trial on the more serious charge). In *Goodwin*, the Court restated that its holding in *Bordenkircher* applied to a prosecutor's decision, prior to trial, to add a felony charge after a defendant made a jury demand on a misdemeanor charge. 457 U.S. at 380–82 (explaining that the realities of the pretrial setting make it less likely that a charging decision is motivated to penalize and deter a defendant's exercise of his rights and noting that "a change to a charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision"). In *Wasman*, the Court concluded that the defendant's receipt of a greater sentence following retrial than he originally received was "sufficient to engage the presumption of *Pearce*," but that the sentencing judge provided sufficient objective reasons on the record explaining the increased sentence to rebut the presumption of vindictiveness. 468 U.S. at 569–70.

The Court has never overruled *Pearce* and *Blackledge*, and as late as 1984 in *Wasman*, it re-confirmed that those cases create a presumption of vindictiveness that can be overcome, in the context of re-sentencing, by a statement of reasons supported by the record. 468 U.S. at 569 ("[W]here the presumption applies, the sentencing authority or the prosecutor must rebut the presumption that an increased sentence or charge resulted from vindictiveness[.]"). Thus, none of these cases indicate that the presumption of vindictiveness fails to arise by operation of law in the

7

circumstances of this case.

The Government also cites several Eighth Circuit Court of Appeals cases in support of its argument that the presumption of vindictiveness does not apply here. Like the Supreme Court decisions discussed above, these cases are inapplicable to the facts in the matter now before the Court. For example, in its appeal of the Court's now vacated July 9 Order setting an evidentiary hearing, the Government cites *United States v. Leathers*, 354 F.3d 955 (8th Cir. 2004), *United States v. Kriens*, 270 F.3d 597 (8th Cir. 2001), *United States v. Rodgers*, 18 F.3d 1425 (8th Cir. 1994), and *United States v. Beede*, 974 F.2d 948 (8th Cir. 1992). However, none of these cases involve the realistic likelihood of a defendant being punished for successfully pursuing an appeal addressed by *Pearce* and *Blackledge*. Instead they are governed by the rule established in *Bordenkircher*, which concerns prosecutorial discretion in charging decisions that arise before the trial, a conviction, or the exercise of a right to appeal. *See Leathers*, 354 F.3d at 961–62 (no presumption where a federal prosecution was commenced following state proceedings and federal charges were not increased following the defendant's exercise of a right to appeal); *Kriens*, 270 F.3d at 602 (same); *Beede*, 974 F.2d at 951–52 (same); *Rodgers*, 18 F.3d at 1430 (no presumption where first trial ended in a mistrial such that the increased number of charges in a superseding indictment could not have been a punishment for the exercise of a legal right). Several other Eighth Circuit cases bear out this distinction between the discretion accorded a prosecutor under *Bordenkircher* and the presumption of vindictiveness arising under *Pearce* and *Blackledge*, or demonstrate that rebutting such a presumption requires evidence in the record. *See, e.g.*, *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010) (not applying a presumption where federal charges were filed after a state trial was commenced and was "going badly"); *United States v. Stenger*, 605 F.3d 492, 498–99 (8th Cir. 2010)

(finding that no presumption arises during plea negotiations where the government threatens to bring more serious charges if the defendant elects to plead not guilty and proceed to trial); *United States v. Graham*, 323 F.3d 603, (8th Cir. 2003) (finding that even if the presumption applied when federal charges were brought by the same prosecutor after a state conviction was reversed on appeal, the government successfully rebutted any presumption); *cf. United States v. Kelley*, 152 F.3d 881, (8th Cir. 1998) (not applying a presumption of vindictiveness where a defendant claimed that federal criminal charges were filed in retaliation for his refusal to cooperate with a Department of Labor investigation).

The Government also relies on *United States v. Peoples*, 360 F.3d 892 (8th Cir. 2004), in support of its position that this case does not warrant a presumption of vindictiveness. ECF No. 244 at 13. In *Peoples*, the defendant was initially indicted for murder of a witness and conspiracy to rob a credit union. *Id.* at 894. Prior to trial, the government filed a notice of intent to seek the death penalty, and after the defendant was convicted, it withdrew its death penalty notice during the penalty phase. *Id.* The Eighth Circuit reversed the defendant's conviction, and after remand, a grand jury again returned an indictment against the defendant. *Id.* The government then renewed its notice of intent to seek the death penalty. *Id.* The defendant filed an interlocutory appeal arguing that the government's decision to seek the death penalty at retrial triggered the presumption of vindictiveness. *Id.* at 894, 896. The Eighth Circuit concluded that the presumption did not apply because the government did "not intend to bring a more serious charge" and the defendant "face[d] almost identical charges, including the filing of a notice of intent to seek the death penalty." *Id.* at 896. Here unlike in *Peoples*, the Government has added more serious charges, ten additional counts. It has not, as it did in *People*s, proceeded in the same way on remand as it did in the first trial on

almost identical charges.

Another Eighth Circuit case, *United States v. Partyka*, 561 F.2d 118 (8th Cir. 1977), involves a vindictive prosecution claim after a defendant successfully exercised his right to appeal. In *Partyka*, the defendant's initial conviction on a charge of possession of phencyclidin, or PCP, was reversed by the Eighth Circuit, and on remand after his successful appeal, he was charged with a felony for a distributing the drug known as MDA. *Id.* at 119–22. He appealed his subsequent conviction on the felony distribution charge, arguing that the decision to bring this more serious charge was vindictive. *Id.* at 123. The Eighth Circuit concluded that the prosecution was not vindictive under *Pearce* and *Blackledge* because the government provided a "valid reason for not indicting the defendant on the distribution charge when it originally indicted him on the possession charge." *Id.* at 124. The government rebutted the presumption of vindictiveness by establishing that the added charge was not brought before the first trial so that it could maintain the confidentiality of its informer, which was no longer necessary at the time of the second trial. *Id.*; *see also United States v. Punelli*, 892 F.2d 1364, 1372 (8th Cir. 1990) (deciding not to disturb the district court's finding that no presumption of vindictiveness arose where "objective circumstances" indicated there was no vindictive motive behind the decision re-indict the defendant after he exercised his right to appeal, the decision to re-indict was made before the defendant filed the appeal, and the superseding indictment related to newly discovered evidence).[4] Here, by contrast, the Government has presented

---

[4] The Defendant notes that counsel for the Government has "supplied two emails that state that the two indictments are based on the exact same facts and discovery." ECF No. 245, Def.'s Resp. to Gov't's Appeal at 2, 12. The Government has not made any showing that any of the additional charges in the Superseding Indictment are based on some evidence that could be characterized as newly discovered in the sense that it came to light during the first trial or after the Defendant filed his appeal. Instead, the Government argues that the charges in the Superseding Indictment involve different victims and different conduct, and it cites cases from other circuits that

no evidence regarding its decision to add ten additional counts to the indictment after Defendant successfully appealed his conviction. Accordingly, unlike in *Partyka*, the Government has not rebutted the presumption of vindictiveness.

The Government's reliance on *Wickner v. Fabian*, Civ. No. 06-1727, 2007 WL 1201621 (D. Minn. Apr. 20, 2007), is also misplaced for several reasons. First, that decision rested on the habeas petitioner's procedural default of his vindictive prosecution claim, thus rendering the opinion's discussion of the claim's merits nothing more than dicta. *See id.*, 2007 WL 1201621, at *6. Second, the issue addressed in *Wickner's* dicta was cabined by the standard of review on a habeas petition under 28 U.S.C. § 2254, and, here, the issue before the Court is whether the Defendant is entitled to relief under controlling Supreme Court and Eighth Circuit precedent. *See Wickner*, 2007 WL 1201621, at *9. Finally, *Wickner's* extraneous analysis of the vindictive prosecution claim applies the *Bordenkircher* line of cases governing prosecutorial discretion in charging decisions and plea bargaining that are, as described above, inapplicable to the facts of this case. *See id.*, 2007 WL 1201621, at *9–*10 (citing *Bordenkircher*, *Goodwin*, *Beede*, *Rodgers*, and other cases not involving additional charges filed after a defendant exercises his right to appeal).

As there is no evidence to rebut the presumption established by *Pearce* and *Blackledge*, the Defendant's motion to dismiss the Superseding Indictment, ECF No. 192, must be granted to the extent that Counts 2 through 11 be dismissed. The new trial ordered by the Eighth Circuit shall go

---

suggest no presumption of vindictiveness arises where charges added after a defendant exercises a legal right are based on different conduct than that supporting the initial charge. *See* ECF No. 244, Gov't's Appeal at 8–10 (citing *Humphrey v. United States*, 888 F.2d 1546 (11th Cir. 1986) and other Eleventh Circuit cases). No Eighth Circuit case has adopted the rationale advanced by the Government, and the Court finds that no such conclusion is warranted under existing Supreme Court precedent.

forward on the single count with which Defendant was originally charged.

### III. Recommendation

Based upon the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Defendant's Motion to Dismiss the Indictment for Vindictive Prosecution, ECF No. 192, be **GRANTED**, and Counts 2 through 11 of the Superseding Indictment, ECF No. 184, be **DISMISSED**.


DATED: July 18, 2012.                              *s/ Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 1, 2012** written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 1, 2012,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.