UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

       v.                                               Crim. No. 09-139 (JNE/JJK)
                                                    ORDER

Arthur James Chappell,

       Defendant.

This matter is before the Court upon Defendant's Motion for Leave to Proceed Pro Se with Standby Counsel and Defendant's Motion for Extension of Time to File Post-Trial Motions. On October 24, 2012, a jury returned a verdict of guilty on all counts as to Defendant Chappell. The deadline for filing post-trial motions was originally November 8, 2012. On November 5, 2012, counsel for Defendant filed a motion to withdraw, as well as a motion for an extension of time to file post-trial motions. On November 9, the Court denied the motion to withdraw and granted the motion for an extension of time. Defendant was granted seventeen additional days to file his post-trial motions, with the new deadline of November 26, 2012. On November 26, the day the post-trial motions were due, Defendant filed, *pro se*, the two motions currently before the court.

A defendant has a Sixth Amendment right to self-representation. *Faretta v. California*, 422 U.S. 806 (1975). But that right is not absolute. *United States v. Mabie*, 663 F.3d 322, 328 (8th Cir. 2011). A request to proceed *pro se* must be clear and unequivocal. *Faretta*, 422 U.S. at 835; *Jones v. Norman*, 633 F.3d 661, 667 (8th Cir. 2011); *Reese v. Nix*, 942 F.2d 1276 (8th Cir. 1991). Defendant's request to represent himself is not clear and unequivocal. In fact, he states in his Motion for Leave to Proceed Pro Se that "the defendant desires to *have* representation." (emphasis added).

1

It may be that Defendant actually desires a substitution of counsel, rather than to waive his right to representation. But there is nothing before the Court to indicate that the interests of justice require that Defendant be provided with yet another attorney. *See Martel v. Clair*, 132 S. Ct. 1276, 1285, 1287 (2012) (discussing the "interests of justice" standard); *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991) (describing situations that may warrant substitution of counsel). The only reason given for defense counsel's previously denied motion to withdraw—to which Defendant refers in his current motion to proceed *pro se*—is that Defendant believes he has a claim of ineffective assistance of counsel. That type of claim, however, "is generally not a basis for direct appeal and instead should be properly raised in a 28 U.S.C. § 2255 action." *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1105 (8th Cir. 2002). It does not provide a basis for providing Defendant with another attorney at this time.

During the course of this proceeding, Defendant has been through numerous attorneys, and his current attorney did what to all appearances was an outstanding job representing Defendant both before and during trial. Although there may have been times when Defendant disagreed with his attorney's legal or tactical decisions, defense counsel must zealously advocate for his client, not "docilely do as []he is told . . . or advance meritless legal theories." *United States v. Rodriquez*, 612 F.3d 1049, 1055 (8th Cir. 2010). A defendant's dissatisfaction with counsel's performance or tactical decisions does not necessarily entitle him to new counsel. *Id.*; *see also United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006).

It is worth noting that Defendant's current request to appear *pro se* is not his first. In fact, after a lengthy colloquy with the Court, the Court granted a motion by Defendant to represent himself at the trial, and appointed stand-by counsel. During the few weeks that Defendant was *pro se*, he filed nearly thirty pretrial motions and he conducted voir dire. On the morning of

opening statements Defendant requested that his standby counsel take over representation, stating that he *never actually intended* to represent himself at trial. It became clear that the only reason Defendant initially made the request was because he wanted numerous pretrial motions filed with the Court—motions that his attorney could not in good faith file without violating his legal and ethical obligations. Once the Court ruled on those motions, Defendant again desired legal representation. The Court discussed this decision with the Defendant at length, explaining that the *pro se* motion process was not a tool to manipulate the Court and that he could not keep changing his mind every time he disagreed with his attorney. Defendant indicated that he understood. But the Court is faced with a strikingly similar scenario: Defense counsel again declines to file Defendant's motions, and Defendant files a nearly simultaneous motion to proceed *pro se*.[1] The Court cannot help but question whether, when taking into consideration Defendant's previous requests to proceed *pro se*, he is again attempting to use the motion as a tool for filing frivolous motions that could not otherwise be filed.

On November 8, 2012, Defendant submitted a notice of the post-trial motions he intended to bring. The Court has reviewed the list of fifteen motions and finds nothing that hints at new information that might call into question the validity of the jury's verdict. Defendant is not protesting his innocence, nor is he claiming that there is newly discovered evidence. Rather, the issues Defendant raises have either been previously ruled upon at some point—before or during trial—or are more appropriate for appeal or collateral attack. There are no new, nonfrivolous issues, nor is there anything to suggest a miscarriage of justice.

---

[1] Defense counsel discussed the post-trial motions with Defendant and concluded that the motions were inappropriate and would not be filed. *See* ECF No. 397 ("Upon reflection, the defense will not file any post trial motions."). It is not clear, however, whether Defendant was aware that his attorney disapproved of the motions at the time Defendant filed his motion to proceed *pro se*.

For those reasons, Defendant's Motion for Leave to Proceed Pro Se with Standby Counsel [Docket No. 398] is DENIED. Because Defendant's Motion for Extension of Time to File Post-Trial Motions is based on his proceeding *pro se*, that motion [Docket No. 399] is also DENIED.

IT IS SO ORDERED.

Dated: November 30, 2012

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge