UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

                                Case No. 09-cr-139 (JNE) (1)
v.                                 Case No. 16-cv-3049 (JNE)
                                 ORDER

Arthur James Chappell,

      Defendant.

In May 2009, a grand jury returned an indictment against Defendant, charging him in one count with sex trafficking of a minor. A jury found him guilty. The Court sentenced Defendant to 336 months' imprisonment. He appealed, and the Eighth Circuit reversed and remanded for a new trial. *United States v. Chappell*, 665 F.3d 1012 (8th Cir. 2012).

After the case was remanded, a grand jury returned a superseding indictment against Defendant, charging him in 11 counts with sex trafficking of a minor, possession of child pornography, conspiracy to possess child pornography, conspiracy to produce child pornography, enticement to travel to engage in prostitution, transportation with intent to engage in prostitution, conspiracy to entice to travel to engage in prostitution, and conspiracy to transport with intent to engage in prostitution. A jury found him guilty on each count. The Court sentenced Defendant to a total term of imprisonment of 336 months. He appealed, and the Eighth Circuit affirmed. *United States v. Chappell*, 779 F.3d 872 (8th Cir.), *cert. denied*, 136 S. Ct. 281 (2015).

Approximately 11 months after the Supreme Court denied his petition for a writ of certiorari, Defendant filed a motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2255 (2012). For the reasons set forth below, the Court vacates his convictions and sentences on counts 8, 9, and 10 of the superseding indictment.

## I. Defendant's motions

Defendant filed several motions after he filed his § 2255 motion. The Court addresses them before considering the § 2255 motion.

### A. Motion for sanctions [Docket No. 454]

The government sought an extension of time to respond to Defendant's § 2255 motion. Asserting that the government misrepresented that it and Defendant's former attorney were in the process of exchanging information about Defendant's claims, Defendant moved for sanctions. According to an e-mail exchange between the government and Defendant's former attorney, the attorney initially indicated that he did not plan on responding to the § 2255 motion and that he would read the motion again and consider a response. Later, the attorney indicated that he preferred to answer any questions at a hearing, relayed certain memories of the trial, and stated he will provide an affidavit if the government cited authority to support its assertion that an affidavit is required. Having reviewed the exchange between the government and Defendant's former attorney in the days immediately preceding the government's request for an extension of time, the Court denies Defendant's motion for sanctions.

**B.       Motion for reconsideration [Docket No. 472]**

The Court denied Defendant's request for a transcript under 28 U.S.C. § 753(b) and (f) (2012).  After seeking leave to proceed in forma pauperis, Defendant sought reconsideration of the denial of his request for a transcript.  The Court construed his motion for reconsideration as a renewed motion for the transcript and denied the renewed motion.  He filed a motion for reconsideration.  He subsequently obtained a copy of the transcript.  The Court denies his motion for reconsideration.

**C.       Motion to take his § 2255 motion out of abeyance [Docket No. 475]**

The Court granted Defendant's motion to hold his § 2255 motion in abeyance until the completion of his transfer to another institution.  After his arrival at the institution, Defendant moved to take his § 2255 motion out of abeyance.  The Court grants the motion.

**D.       Motion to supplement [Docket Nos. 476 and 477]**

Defendant moved to supplement his § 2255 motion with a copy of a transcript of a hearing that took place on September 18, 2012.  He sought to correct misstatements in his § 2255 motion and to cite portions of the record.  The Court grants Defendant's motion to supplement.

**E.       Motion for appointment of a magistrate judge [Docket No. 479]**

Defendant moved for the appointment of a magistrate judge to review his § 2255 motion.  The Court denies the motion.

### F.    Section 2255 motion [Docket No. 448]

Section 2255 "provides a remedy for jurisdictional and constitutional errors." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

Defendant made several claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his "counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In assessing the reasonableness of counsel's conduct, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

"[R]eview is particularly deferential when reviewing a claim that appellate counsel failed to raise an additional issue on direct appeal." *Charbonneau v. United States*, 702

F.3d 1132, 1136 (8th Cir. 2013).  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."  *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).  "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain [an] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims."  *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006).  "[A]bsent contrary evidence, 'we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'"  *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (quoting *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)); *see Gray v. Norman*, 739 F.3d 1113, 1118 (8th Cir. 2014) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." (quoting *Link*, 469 F.3d at 1205)).

### 1.    Ground one

Defendant asserted that he received ineffective assistance of counsel because his attorney failed to raise certain arguments regarding voir dire in a post-trial motion or on direct appeal: (1) that the Court conducted voir dire in a manner that prevented Defendant from obtaining information about potential jurors that would allow him to intelligently exercise his peremptory strikes; (2) that the Court effectively deprived him of eight peremptory strikes by requiring him to exercise the strikes before he challenged potential jurors for cause; (3) that the Court's denial of his for-cause challenges denied him a fair

and impartial jury; and (4) that the Court refused to allow him to confer with stand-by counsel during voir dire.

The Court thoroughly questioned prospective jurors. Some potential jurors expressed concerns about viewing graphic depictions of female genitalia. They nevertheless indicated their ability to serve as jurors. The Court gave Defendant, who represented himself during voir dire, an opportunity to submit additional questions, and the Court posed additional questions to the prospective jurors. The Court asked the government and Defendant whether there was "[a]nything else" before the Court gave the prospective jurors a break and the parties exercised their peremptory strikes. Each party responded "no." Outside the presence of the prospective jurors, the Court addressed an issue about a juror being called out of order. The jury panel returned, and the Court indicated that the parties were exercising their peremptory strikes. The Court then directed the potential jurors to leave the courtroom. After clarifying the number of peremptory strikes that each side could exercise, the Court asked the government and Defendant whether they passed the panel for cause. The government did. Defendant, after consulting with standby counsel, did not. The Court heard his for-cause challenges and denied them.

Defendant has not demonstrated that his attorney's representation fell below an objective standard of reasonableness based on the attorney's failure to assert the issues noted above in a post-trial motion or on direct appeal. Nor has he shown any prejudice from the alleged deficiencies. *See United States v. Mann*, 685 F.3d 714, 719 (8th Cir. 2012) (stating that trial judges have broad discretion in determining how to conduct voir

dire); *United States v. Thompson*, 450 F.3d 840, 843 (8th Cir. 2006) ("[A] defendant's 'exercise of peremptory challenges pursuant to Rule 24(b) is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause.'" (quoting *United States v. Martinez-Salazar*, 528 U.S. 304, 317 (2000)));[1] *United States v. Moore*, 149 F.3d 773, 779 (8th Cir. 1998) ("When a prospective juror is challenged for cause, the trial court's ruling 'ought not be set aside by a reviewing court, unless the error is manifest,' that is, unless the for-cause ruling is manifestly wrong on the face of the trial record." (quoting *Irvin v. Dowd*, 366 U.S. 717, 723 (1961)); *Cooley v. Nix*, 991 F.2d 801 (8th Cir. 1993) (per curiam) (unpublished table decision) ("[A] trial court necessarily has the discretion to place restrictions on standby counsel's in-court role in cases of pure self-representation.").  The Court rejects ground one.

## 2.    Ground two

Defendant asserted that he received ineffective assistance of counsel because his attorney failed to assert the following arguments in a post-trial motion or on direct appeal: (1) that Defendant's right to represent himself was denied because a sidebar took place without him or his standby counsel during voir dire; and (2) the Court's refusal to allow standby counsel to speak with Defendant during voir dire infringed on Defendant's right to represent himself.

---

[1]      Defendant referred to the Supreme Court's statement in *Swain v. Alabama*, 380 U.S. 202, 219 (1965), that "[t]he denial or impairment of the right [to exercise peremptory challenges] is reversible error without a showing of prejudice."  In *Martinez-Salazar*, the Supreme Court disavowed this statement. 528 U.S. at 317 n.4; *see Rivera v. Illinois*, 556 U.S. 148, 160-61 (2009).

After Defendant and the government exercised their peremptory strikes, the Court read the names of the individuals selected to serve as jurors. The Court asked the parties whether they agreed. Defendant did not; the government did. The Court returned the list on which the parties had exercised their strikes and asked them to submit a note about the alleged error. The government and Defendant conferred. The government asked to approach to "advise the Court of [their] conversation . . . at sidebar." Defendant did not object. A short sidebar took place.

At the sidebar, the government indicated that Defendant authorized it to speak to the Court and that Defendant mistakenly struck a juror because he was confused by the numbering of jurors. The Court noted that the strike was an early one and that it might have affected the government's strikes, raised the possibility of allowing Defendant to amend his strike, and directed to government to check its notes and to consider the amendment to Defendant's strike. The sidebar ended.

After conferring with Defendant, the government asked that the jury be excused to facilitate resolution of the issue. The Court excused the jurors from the courtroom and asked the government whether it had communicated to Defendant the Court's question about amending his strikes. The government responded that it had not and that it determined Defendant's exercise of his strikes had affected its subsequent strikes. The Court turned to Defendant, who explained that he was confused by the numbering of jurors and that he mistakenly struck one juror. After hearing Defendant's explanation, the Court decided that no amendment to the strikes was warranted.

Later, after the Court issued preliminary instructions to the jurors and excused them for the day, Defendant complained about the sidebar that took place during voir dire. The government responded that Defendant had granted permission to communicate Defendant's issue to the Court at sidebar. Defendant maintained the government represented it was going to inform the Court of the need to speak outside the presence of the jury. The Court discerned no need to take action on the issue. The Court did recognize Defendant's right to participate in the trial as a defendant and as his own representative:

> So if we have to have what would be sidebars by sending the jury out, I guess we can do that. Every once in a while, there's just something that would be a lot more efficient if we could do it this way, but there's no need to. And if you consent, you consent. If you don't, you don't, because you do have a right to participate in every aspect of the trial both as a defendant and as a lawyer.

> Of course, the defendant doesn't have a right to come to sidebars to discuss legal matters, but the lawyer does, and you can't really come up here to sidebar.

As to Defendant's contention that he received ineffective assistance of counsel because his attorney failed to raise the issue of the sidebar that took place without him or his standby counsel in a post-trial motion or on direct appeal, Defendant has not shown that his attorney's performance fell below an objective standard of reasonableness. Nor has he shown any prejudice. *See United States v. Ortuno-Garcia*, 556 F. App'x 636, 637-38 (9th Cir. 2014); *Hereford v. Warren*, 536 F.3d 523, 530 (6th Cir. 2008); *United States v. Carmichael*, 232 F.3d 510, 518 (6th Cir. 2000); *United States v. Earley*, 746 F.2d 412, 417-18 (8th Cir. 1984). The same is true of Defendant's contention that he received

ineffective assistance of counsel because his attorney failed to raise in a post-trial motion

or on direct appeal the Court's refusal to allow standby counsel to speak with Defendant.

*See Cooley*, 991 F.2d 801.  The Court rejects ground two.

### 3.    Ground three

Defendant asserted that he received ineffective assistance of counsel because his

attorney failed to seek the suppression of certain evidence before his second trial, in a

post-trial motion, or on direct appeal.  According to Defendant, he moved to suppress the

evidence before his first trial, and the government agreed not to use the evidence in the

first trial.  After the court of appeals remanded the case and a superseding indictment was

returned against Defendant, he moved again to suppress the evidence.  He asserted that

his attorney subsequently conceded that the suppression issue had been resolved as part

of the proceedings before the first trial.  The government responded that Defendant's

attorney "did not litigate the basis for the search of the computers" and that Defendant's

attempt to suppress the evidence would not have succeeded because a search warrant

authorized the seizure and search of the computers.  Defendant has not demonstrated that

his motion to suppress would have succeeded.  Defendant has not demonstrated that he

received ineffective assistance of counsel.  *See United States v. Johnson*, 707 F.2d 317,

323 (8th Cir. 1983).  The Court rejects ground three.

### 4.    Ground four

Defendant asserted that he received ineffective assistance of counsel with respect

to his attempt to suppress evidence obtained as a result of a search of a hotel room in July

2007.  According to Defendant, his attorney failed to interview or to call witnesses at the

suppression hearing, refused to allow Defendant to testify at the suppression hearing, and failed to seek suppression of evidence obtained as a result of the search of computers and cameras seized during the search of the hotel room.  Defendant also maintained he received ineffective assistance of counsel because his attorney failed to contest the entry and search of the hotel room in a post-trial motion or on direct appeal.

At the suppression hearing, the government called three witnesses.  Each was cross-examined.  After the three witnesses testified, Defendant's attorney stated that Defendant himself wanted to testify.  Defendant's attorney asked for time to consult with Defendant about testifying.  Defendant's attorney proceeded to call one of the three witnesses to testify.  After the witness testified, a break took place.  After the break, Defendant's attorney asked that Defendant's motion for hybrid representation be addressed before the attorney decided whether to call Defendant to testify.  The magistrate judge denied the motion for hybrid representation and asked whether Defendant was going to call any witnesses.  Defendant and his attorney conferred. Defendant's attorney indicated Defendant wanted to represent himself.  After an extensive colloquy with Defendant, the magistrate judge determined that Defendant was not willing to give up his right to an attorney and that Defendant would not be allowed to represent himself.  The magistrate judge asked again whether Defendant had any witnesses to call.  Defendant's attorney responded negatively.  The hearing turned to Defendant's motion regarding a violation of Rule 5 of the Federal Rules of Criminal Procedure.  Defendant's attorney called Defendant himself as the first witness to testify. The attorney asked whether Defendant knew he did not have to testify.  Defendant

responded, "Yes."  The attorney asked whether Defendant "want[ed] to take the stand with respect to this issue concerning Rule 5."  Defendant responded, "Five, nine and ten."

After the suppression hearing, Defendant submitted a memorandum in support of his request to suppress evidence seized during the search of the hotel room.  He claimed that the search exceeded the scope of his consent to search.  The Court denied the motion.

An individual who Defendant asserted should have testified at the suppression hearing did testify at trial.  Based on the individual's testimony about how police officers entered the hotel room, Defendant asked that the suppression hearing be reopened. Defendant's attorney stated that two investigators worked on the case and that the defense was unable to locate the individual before the suppression hearing.  During a discussion of the suppression hearing, Defendant's attorney stated that Defendant testified at the suppression hearing about how the police obtained his consent to search. The government questioned whether Defendant testified at the suppression hearing. Defendant's attorney then stated that Defendant corrected him, that he told Defendant not to talk about threats because nobody would believe Defendant, and that Defendant talked about the entry into the hotel room but not about being threatened.  The Court questioned whether Defendant had testified at the suppression hearing.  Defendant's attorney expressed doubts and recognized that Defendant testified about issues different from suppression.  After determining that Defendant had not testified in support of his motion to suppress, the Court heard Defendant's testimony.  Questioned by the government about his "opportunity to bring a witness forward who was in that hotel room . . . at the earlier motions hearing," Defendant responded, "You can't bring a witness forward if you

don't have contact with the witness. And we have been trying to contact these witnesses for a very --" After Defendant testified, the Court discerned no need to reopen the suppression hearing. If additional trial testimony called into question the decision on Defendant's motion to suppress, the Court would consider the issue in light of the trial testimony. After the parties rested, the Court heard brief arguments from the parties about the motion to suppress evidence obtained as a result of the search of the hotel room and declined to alter the previous decision.

Even if Defendant's attorney had been able to contact the witnesses identified by Defendant, called them to testify at the suppression hearing, and called Defendant himself to testify at the suppression hearing, Defendant has not demonstrated that his motion to suppress would have succeeded. His attorney did argue that the search of the hotel room exceeded to scope of Defendant's consent. The Court ultimately heard from Defendant himself and some of the witnesses who he claimed should have testified at the suppression hearing. Defendant has not shown that his attorney performed deficiently, and Defendant has not demonstrated any prejudice from the alleged deficiencies. *See id.* The Court rejects ground four.

### 5.   Ground five

Defendant claimed that he received ineffective assistance of counsel because his attorney did not petition the Court to compel an individual to testify at his trial after the individual's attorney indicated the individual would invoke the privilege against self-incrimination. Defendant also asserted that his attorney was ineffective because the attorney failed to raise the argument in a post-trial motion or on direct appeal. According

to Defendant, the individual did not face a real danger of prosecution because the statute of limitations had expired and because the individual could have asserted a duress defense.

"The defendant's right to compulsory process does not include the right to compel a witness to waive his or her Fifth Amendment privilege against self incrimination." *United States v. Robaina*, 39 F.3d 858, 862 (8th Cir. 1994). Defendant's assertion that the individual did not face future prosecution because charges against the individual would be untimely has no merit. *See* 18 U.S.C. § 3299 (2012); *United States v. Coutentos*, 651 F.3d 809, 817-18 (8th Cir. 2011). That the individual might be able to assert a duress defense does not deprive the individual of the privilege against self-incrimination. *See United States v. Zaragoza-Moreira*, 780 F.3d 971, 981 (9th Cir. 2015). The failure to petition the Court to compel the individual to testify did not constitute ineffective assistance of counsel. *See Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010). Defendant's attorney was not ineffective in failing to raise the issue in a post-trial motion or on direct appeal. The Court rejects ground five.

### 6.    Ground six

Defendant asserted that he received ineffective assistance of counsel because his attorney failed to argue before trial, at trial, after trial, or on appeal that the indictment was multiplicitous. "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" *United States v. Hinkeldey*, 626 F.3d 1010, 1013 (8th Cir. 2010) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

The government asserted Defendant should have made this claim on direct appeal and "is procedurally defaulted from bringing it now." Even if the claim is properly raised, the government asserted the claim fails on the merits.

"It is one thing to assert, after the criminal proceedings have concluded, that an indictment was in some way defective; it is something altogether different to assert, in a § 2255 proceeding, that one's counsel was constitutionally deficient for failing to make such an argument during the pendency of the criminal proceedings. Those are separate and distinct legal claims." *Rudisill v. United States*, 222 F. App'x 844, 847 (11th Cir. 2007) (per curiam). The claim is properly before the Court. *See Massaro*, 538 U.S. at 504; *Rudisill*, 222 F. App'x at 847.

### Counts 3 and 4

Defendant asserted that his attorney should have argued that counts 3 and 4 of the superseding indictment are multiplicitous. In count 3, Defendant was charged with possession of child pornography. In count 4, Defendant was charged with conspiracy to possess child pornography. "It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 U.S. 640, 643 (1946). Defendant's contention that his attorney was ineffective because the attorney failed to argue counts 3 and 4 are multiplicitous has no merit. *See Callanan v. United States*, 364 U.S. 587, 593 (1961); *Pinkerton*, 328 U.S. at 643.

*Counts 7 and 9*

Defendant asserted that his attorney should have argued that counts 7 and 9 of the superseding indictment are multiplicitous. In counts 7 and 9, Defendant was charged with transportation of separate individuals with intent to engage in prostitution. *See* 18 U.S.C. §§ 2, 2421 (2012). The individuals were transported at the same time on the same trip. Transportation of multiple individuals at the same time on the same trip in violation of § 2421 constitutes a single offense. *Bell v. United States*, 349 U.S. 81, 81-84 (1955). Defendant has established each prong of the *Strickland* inquiry. *See United States v. Freeman*, 818 F.3d 175, 178-79 & n.1 (5th Cir. 2016); *Jones*, 403 F.3d at 607. The Court vacates the sentence and conviction on count 9. *See Jones*, 403 F.3d at 606-07.

*Counts 6 and 8*

Defendant asserted that his attorney should have argued that counts 6 and 8 of the superseding indictment are multiplicitous. In each count, Defendant was charged with enticement to travel to engage in prostitution. *See* 18 U.S.C. § 2422(a) (2012). The counts relate to the same individuals who were transported as alleged in counts 7 and 9. For essentially the same reasons set forth in the discussion of counts 7 and 9, the Court vacates the sentence and conviction on count 8. *See Freeman*, 818 F.3d at 178-79 & n.1; *Jones*, 403 F.3d at 607; *United States v. Drury*, 582 F.2d 1181, 1183 (8th Cir. 1978).

*Counts 6, 7, 8, and 9*

Defendant maintained that he received ineffective assistance of counsel because his attorney failed to argue that counts 6 and 8 and counts 7 and 9 are multiplicitous. In counts 6 and 8, Defendant was charged with enticement to travel to engage in

16

prostitution.  *See* 18 U.S.C. § 2422(a).  In counts 7 and 9, he was charged with transportation with intent to engage in prostitution.  *See id.* §§ 2, 2421.  The offenses proscribed by § 2421 and § 2422 are "separate and distinct."  *Batsell v. United States*, 403 F.2d 395, 400 (8th Cir. 1968); *see La Page v. United States*, 146 F.2d 536, 538-39 (8th Cir. 1945).  The Court rejects this claim of ineffective assistance of counsel.

### *Counts 10 and 11*

Defendant asserted that he received ineffective assistance of counsel because his attorney did not argue that counts 10 and 11 are multiplicitous.  In count 10, Defendant was charged with conspiracy to entice to travel to engage in prostitution.  In count 11, he was charged with conspiracy to transport with intent to engage in prostitution.  The government did not address this claim of ineffective assistance of counsel.  The Court vacates the sentence and conviction on count 10.  *See Jones*, 403 F.3d at 607; *United States v. Thomas*, 759 F.2d 659, 661 (8th Cir. 1985) ("The Double Jeopardy Clause of the Fifth Amendment prohibits the subdivision of a single criminal conspiracy into multiple violations of one conspiracy statute.").

### *Counts 7, 9, 10, and 11*

Defendant maintained that his attorney was ineffective because his attorney failed to argue that counts 7 and 9 and counts 10 and 11 are multiplicitous.  As noted above, Defendant was charged with transportation with intent to engage in prostitution in counts 7 and 9.  He faced conspiracy charges in counts 10 and 11.  Defendant's assertion that he received ineffective assistance of counsel because his attorney failed to argue that counts 7 and 9 and counts 10 and 11 are multiplicitous has no merit.  *See Callanan*, 364 U.S. at

593; *Pinkerton*, 328 U.S. at 643; *United States v. Thomas*, 971 F.2d 147, 149 (8th Cir. 1992).

### 7.    Ground seven

Defendant claimed that he received ineffective assistance of counsel because his attorney "failed to put forth the objective evidence to show a vindictive or improper motive on the part of the prosecutor." Defendant did move to dismiss the superseding indictment for vindictive prosecution. He relied on a presumption of vindictiveness. To support the motion, Defendant's attorney noted some of the evidence that Defendant claims the attorney should have offered. The magistrate judge recommended that the motion be granted and that counts 2 through 11 of the superseding indictment be dismissed. The Court declined to adopt the recommendation and denied Defendant's motion. Defendant, after his motion to represent himself was granted, filed a motion to reconsider, which the Court denied. On appeal, Defendant argued that the Court abused its discretion by denying his motion to dismiss counts 2 through 11 for vindictive prosecution. The Eighth Circuit affirmed. *Chappell*, 779 F.3d at 879-82.

In addition to filing a motion to reconsider the denial of his motion to dismiss based on a presumption of vindictiveness, Defendant, while he represented himself, filed a motion to dismiss the superseding indictment for vindictive prosecution. He relied on actual vindictiveness. The Court denied his motion.

Defendant cannot complain of his own ineffectiveness. *United States v. Johnson*, 715 F.3d 1094, 1103 (8th Cir. 2013). He has not demonstrated that his attorney's performance was deficient. *See United States v. Leathers*, 354 F.3d 955, 961 (8th Cir.

18

2004) ("The defendant's evidentiary burden is a heavy one, and we are mindful of the broad discretion given to prosecutors in carrying out their duty to enforce criminal statutes."). Nor has he demonstrated prejudice from the alleged deficiency. The Court rejects ground seven.

### 8.    Ground eight

Defendant asserted that he received ineffective assistance of counsel because his attorney failed to put forth any pre-trial, post-trial, or appellate challenge to the denial of his motion for a continuance on September 18, 2012.

On August 14, 2012, the Court issued a trial notice. The Court scheduled the case for trial on September 24, 2012.

Six days before the trial was scheduled to start, Defendant moved for a continuance. He sought one of at least 30 days.

The same day, September 18, a hearing took place to address Defendant's request to represent himself. At the end of the hearing, the Court declined to change the trial date and told Defendant to inform the Court the next day whether he would represent himself.

On September 19, 2012, Defendant informed the Court that he would represent himself. The Court granted his motion to proceed pro se.

On September 20, 2012, the Court received from Defendant a motion for a continuance of at least 90 days. The next day, the Court denied Defendant's request for a continuance of at least 90 days. Instead, the Court granted a continuance of approximately two weeks. The Court scheduled the trial to start on October 9, 2012.

Defendant has not demonstrated that his attorney performed deficiently by failing to challenge the denial of his motion for a continuance on September 18, 2012.   Nor has he demonstrated any prejudice from the alleged deficiency.  *See United States v. Jirak*, 728 F.3d 806, 815 (8th Cir. 2013); *United States v. Summage*, 575 F.3d 864, 876-77 (8th Cir. 2009).  The Court rejects ground eight.

### 9.    Ground nine

Defendant claimed that he received ineffective assistance of counsel because his attorney failed to argue in a post-trial motion or on appeal that the Court abused its discretion by denying his requests for new counsel.  He claimed the denials of his requests for new counsel made his decision to waive his right to counsel and to represent himself involuntary.

After the grand jury returned the superseding indictment against Defendant, a hearing was scheduled before the magistrate judge.  His attorney filed several motions in anticipation of the hearing.  The hearing was continued for at least 45 days at Defendant's request.  Less than two weeks later, the Court received a pro se letter that asked the Court to assign an additional attorney to represent him.  At the hearing, Defendant moved to act as co-counsel.  Defendant's attorney adopted the motion and asked to address it before deciding whether to call Defendant as a witness.  The magistrate judge denied Defendant's motion for hybrid representation.  After conferring with Defendant, his attorney stated that Defendant wanted to represent himself.  The magistrate judge engaged in an extensive colloquy with Defendant.  Asked near the end of the exchange

whether he wanted to give up his right to an attorney and to represent himself, Defendant

answered:

> Without being disrespectful to the Court, I would say that's not what
> I really want to do.  I have put in two letters to this Court requesting
> additional counsel . . . .
>
> . . . .
>
> What I really want is some help for him on the case.  And in the
> event that that can't happen, I want to help him with the case.  And in the
> event that that can't happen, I'm forced into a situation of considering
> representing myself.  And that's where I'm at.

The magistrate judge responded by explaining Defendant's right to an attorney.  The

magistrate judge allowed Defendant to confer with his attorney before Defendant decided

whether to represent himself.  After a short break, the magistrate judge asked whether

Defendant still wished to continue the colloquy about self-representation.  Defendant said

he was "just not sure."  He referred to his attorney's unwillingness to pursue several

motions, and he said he did not understand why.  Defendant continued: "And I -- to be

put in this situation where I then have to represent myself because of that, I mean, I guess

presently, no, I'm not willing to go forward.  I guess I have the right to always bring this

motion back up.  I just -- I'm just not sure what to do."  The magistrate denied

Defendant's request to represent himself:

> [H]ere's going to be what my legal ruling is on your current request which
> is your request to represent yourself is denied because I find based on your
> ambivalence that you really are not willing to give up all of the rights that
> you're entitled to under the Constitution; that is, all of the Sixth
> Amendment rights to representation by a lawyer and all that it entails.  And,
> therefore, without that basis in the record to make the findings that you
> have knowingly, voluntarily and intelligently given up all of those rights, I
> can't allow you to represent yourself.  So [your attorney is] going to

21

continue to represent you, unless and until something else changes. Is that understood?

Defendant responded affirmatively and asked for clarification of his rights "[i]n terms of investigation and being able to prepare [his] defense." The magistrate judge informed him of certain provisions of the Criminal Justice Act.

After the motion hearing, Defendant's attorney filed several memoranda, as well as a letter that withdrew certain motions. A few days later, Defendant submitted a pro se "motion requesting termination of current counsel, and request for new counsel." He also submitted a pro se "motion re-asserting his right to proceed as pro se counsel." The magistrate judge denied Defendant's motions seeking to terminate his attorney, to appoint new counsel, and to represent himself:

> At an evidentiary hearing on July 23, 2012, Chappell made an oral motion to have himself appointed as co-counsel. The Court denied the motion. Chappell then made an oral motion to represent himself. So the Court engaged in a colloquy with Chappell pursuant to *Faretta v. California*, 422 U.S. 806 (1975) to ensure that his waiver of his Sixth Amendment right to counsel would be knowing, intelligent, and voluntary. At the conclusion of the colloquy, Chappell was unwilling to waive his right to counsel, so the Court denied his motion.

> Chappell has now renewed his request to have [his attorney] terminated and replacement counsel appointed or, in the alternative, to proceed pro se. [Defendant's attorney] is Chappell's fourth lawyer in this case. Although Chappell asserts that "irreconcilable differences" exist between him and [his attorney], it is clear from Chappell's submissions, from his colloquy with the Court, and from all of the files records and proceedings herein, that those differences are not "irreconcilable." It appears to the Court that Defendant's dissatisfaction with his current appointed lawyer is the result of counsel's refusal to pursue motions that he has concluded have no merit.

> Defendant has a right to appointed counsel. He does not have a right to select his appointed lawyer. He has a right to represent himself if he

knowingly and voluntarily waives his right to counsel.  He does not have a right to be appointed co-counsel with his appointed counsel.  The Court, having conducted a colloquy with the Defendant, concluded that he was unwilling to waive his right to counsel and denied his oral request to represent himself.  There is nothing in the Defendant's current filings that persuades the Court that he is entitled to any relief with respect to his representation.

(Citations omitted.)

One week later, on August 14, 2012, the Court issued the trial notice that scheduled the case for trial on September 24, 2012.

Having been informed that Defendant wished to represent himself, the Court held a hearing on September 18, 2012.  An extensive inquiry took place.  The Court acknowledged Defendant's past requests to serve as co-counsel and to obtain new counsel.  The Court asked his attorney why Defendant sought to represent himself.  The attorney responded that the Court had accurately summarized Defendant's frustrations that the attorney would not pursue certain motions.  The Court declined to give Defendant a new lawyer.  His choices were to represent himself or to be represented by his attorney.  Later, the Court considered a continuance of the trial to afford Defendant additional time for investigation.  Defendant asserted that his trial should have already taken place and asserted his right to a speedy trial.  The Court declined to continue the trial and directed Defendant to inform the Court the next day whether he was going to represent himself.  The next day, Defendant informed the Court of his decision to represent himself.

Defendant's assertion that he received ineffective assistance of counsel because his attorney failed to argue in a post-trial motion or on appeal that the Court abused its

23

discretion by denying his requests for new counsel, which rendering his decision to waive his right to counsel and to represent himself involuntary, has no merit. *See United States v. Delacruz*, 865 F.3d 1000, 1008 (8th Cir. 2017) ("Justifiable dissatisfaction 'does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation.'"); *United States v. Jones*, 795 F.3d 791, 796-98 (8th Cir. 2015) ("[T]he magistrate judge did not abuse his discretion in denying Jones's substitution motion without inquiry. Jones's motion thoroughly explained his reasons for requesting a new lawyer, and the district court had all the information necessary to make a ruling."); *United States v. Taylor*, 652 F.3d 905, 909 (8th Cir. 2011) ("A waiver is involuntary if the defendant is offered the 'Hobson's choice' of proceeding to trial with unprepared counsel or no counsel at all. 'However, if defendant's counsel is competent and defendant cannot establish good cause entitling him to appointment of new counsel, his waiver will be deemed voluntary.'" (citation omitted)). The Court rejects ground nine.

### 10. Ground ten

Defendant maintained that he received ineffective assistance of counsel because his attorney failed to challenge certain evidentiary rulings and the denial of his motion to sever. After the trial, Defendant filed a motion to extend the deadline to file post-trial motions, as well as a notice of post-trial motions. The contemplated motions included "[a] motion for new trial based on denial of the motion to sever counts for trial," "[a] motion for new trial based on an 'inherent right' to sever counts for trial," "[a] motion for new trial based on prejudice by the admission of evidence of each of 11 separate

24

instances of bad acts," and "[a] motion for new trial based on prejudice due [to] the accumulation of bad acts evidence." Later, Defendant's attorney decided not to file any post-trial motions. The Court "reviewed the list of fifteen motions [that Defendant considered] and [found] nothing that hints at new information that might call into question the validity of the jury's verdict." Defendant has not demonstrated a reasonable probability of a different outcome had his attorney challenged the evidentiary rulings or the denial of his motion to sever. The Court rejects ground ten.

### 11. Ground eleven

Defendant asserted that he received ineffective assistance of counsel because his attorney moved for a judgment of acquittal without explaining how the government had failed to satisfy its burden of proof and because his attorney failed to file post-trial motions for a judgment of acquittal or for a new trial. At the close of the government's case, the Court denied Defendant's motion for a judgment of acquittal. Defendant has not demonstrated a reasonable likelihood that the result would have differed had his attorney argued the motion at greater length. Nor has Defendant demonstrated a reasonable likelihood that post-trial motions for a judgment of acquittal or for a new trial would have been granted. Because Defendant failed to demonstrate prejudice from the alleged deficient performance of his attorney, the Court rejects ground eleven.[2]

---

[2]     Motions for a judgment of acquittal and for a new trial were among those that appeared in Defendant's notice of post-trial motions.

### 12.    Ground twelve

Defendant asserted that he received ineffective assistance of counsel because his attorney did not assert certain affirmative defenses.  First, Defendant asserted that his attorney should have argued "that each woman involved with [Defendant] was under duress and thereby could not be a participant, co-conspirator, or aider and abettor."  Defendant has not demonstrated that each woman involved with him would be able to assert a duress defense.  *See Dixon v. United States*, 548 U.S. 1, 4 n.2 (2006).  Nor has he demonstrated that their alleged ability to assert a defense of duress would provide a defense to him.  *See id.* at 6-7.  The alleged failure to assert this defense does not constitute ineffective assistance of counsel.

Next, Defendant argued that his attorney should have argued "that a victim cannot be a co-conspirator."  This contention relates to counts 7, 9, 10, and 11.  In counts 7 and 9, Defendant was charged with transportation with intent to engage in prostitution.  *See* 18 U.S.C. §§ 2, 2421.  Each count alleged that Defendant, "aiding and abetting and being aided and abetted by others," knowingly attempted to transport an individual and knowingly transported an individual in interstate commerce with the intent that the individual engage in prostitution.  According to Defendant, "the evidence is clear" that he "transported the victims alone or only with the victims in tow."  As to counts 7 and 9, that his attorney did not assert the defense described by Defendant does not constitute ineffective assistance of counsel.  *See United States v. Knoll*, 16 F.3d 1313, 1322-23 (2d Cir. 1994) ("We have held that an indictment charging aiding and abetting may be proven by demonstrating that the aider and abettor was in fact a principal.").

In count 10, Defendant was charged with conspiracy to entice to travel to engage in prostitution. And in count 11, he was charged with conspiracy to transport with intent to engage in prostitution. Defendant ignored evidence that the conspiracy was not limited to women who merely acquiesced in their transportation. *See Gebardi v. United States*, 287 U.S. 112, 123 (1932); *United States v. Footman*, 215 F.3d 145, 150-52 (1st Cir. 2000). Defendant's attorney was not ineffective for failing to raise the defense sought by Defendant.

Finally, Defendant argued that his attorney should have argued that Defendant is not guilty of possessing or conspiracy to possess child pornography "because he did not advertise, promote, present, describe, or distribute the material in such a manner as to convey the impression that it is or contains a visual depiction of a minor engaging in sexually explicit conduct." To support this argument, Defendant relied on an outdated version of a statute that is not the basis of any of his convictions. He quoted language that appeared in 18 U.S.C. § 2252A from 1996 to 2003. During that time, the statute provided:

> It shall be an affirmative defense to a charge of violating paragraphs (1), (2), (3), or (4) of subsection (a) that–
> > (1) the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct;
> > (2) each such person was an adult at the time the material was produced; and
> > (3) the defendant did not advertise, promote, present, describe, or distribute the material in such a manner as to convey the impression that it is or contains a visual depiction of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2252A(c). Amendments that took effect on April 30, 2003, omitted the third requirement of the affirmative defense. In the superseding indictment, Defendant was not charged with a violation of § 2252A. Counts 3 and 4 charged him with violations of 18 U.S.C. § 2252. That his attorney did not assert an affirmative defense based on an inapplicable version of a statute that was not the basis of any charge against him does not constitute ineffective assistance of counsel.

The Court rejects ground twelve.

### 13. Ground thirteen

Defendant asserted that he received ineffective assistance of counsel because his attorney failed to assert a statute-of-limitations defense. He claimed that the jury was allowed to use evidence outside of the limitations period to prove the elements of the crimes charged and that the jury was allowed to use overt acts outside of the limitations period to prove the conspiracy charges. Defendant's claims have no merit. *See* 18 U.S.C. § 3299; *Coutentos*, 651 F.3d at 816-18; *United States v. Dolan*, 120 F.3d 856, 864 (8th Cir. 1997). The Court rejects ground thirteen.

### 14. Ground fourteen

Defendant claimed that he received ineffective assistance of counsel because his attorney failed to object to jury instructions regarding counts 3, 4, and 5. According to Defendant, the images themselves had to travel in interstate commerce. Defendant maintained that the Court erroneously instructed the jury that the images could be produced using material that had been shipped or transported in interstate commerce.

28

In counts 3, 4, and 5, Defendant was charged with offenses that occurred from in or about May 2007 to in or about July 2007. From July 27, 2006, to October 7, 2008, 18 U.S.C. § 2252(a)(4)(B), the basis of counts 3 and 4, stated in part: "which was produced using materials which have been mailed or so shipped or transported, by any means including by computer." During the same period, 18 U.S.C. § 2251(a), the basis of count 5, provided in part: "if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer." Defendant's claim of ineffective counsel has no merit. *See United States v. Koch*, 625 F.3d 470, 479 (8th Cir. 2010); *United States v. Nichols*, 574 F.3d 633, 637 (8th Cir. 2009). The Court rejects ground fourteen.

### 15.    Ground fifteen

Defendant asserted that he received ineffective assistance of counsel because his attorney did not object to jury instructions regarding counts 3 and 4. According to Defendant, the Court erroneously instructed the jury that it could find him guilty if it agreed he possessed or conspired to possess one or more images of child pornography. Referring to 18 U.S.C. § 2252A, he asserted the Court should have instructed the jury that it had to find at least three images of child pornography. But Counts 3 and 4 did not charge Defendant with violations of § 2252A. Instead, § 2252(a)(4)(B) is the basis of the counts. From July 27, 2006, to October 7, 2008, § 2252(a)(4)(B) stated in part: "knowingly possesses 1 or more books, magazines, periodicals, films, video tapes, or

other matter."[3]  Defendant's attorney was not ineffective for failing to object as Defendant argued.  The Court rejects ground fifteen.

### 16.  Ground sixteen

Defendant claimed that he received ineffective assistance of counsel because his attorney failed to contest the calculation of his sentencing guidelines on direct appeal. *See United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000).  First, he asserted that his attorney should have appealed a 2-level increase to his offense level for undue influence of a minor.  *See* U.S.S.G. § 2G1.3(b)(2)(B).  According to Defendant, "undue influence is another term for force, fraud, or coercion."  Because the jury in the first trial did not find that "means of force, threat of force, fraud, coercion, or any combination of such means would be used to cause a minor to engage in a commercial sex act," he maintained the 2-level increase should not apply.  Defendant's argument has no merit. *See United States v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014); *United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir. 2013).  That his attorney did not contest the 2-level increase on appeal does not constitute ineffective assistance of counsel.

Next, Defendant asserted that his attorney was ineffective because the attorney failed to appeal a 4-level increase to Defendant's base offense level for Defendant's role in the offense.  *See* U.S.S.G. § 3B1.1.  This argument has no merit.  The Court did not apply the 4-level increase.  Instead, the Court applied a 2-level increase.  That

---

[3]    Defendant "firmly state[d]" that he is not referring to the affirmative defense of § 2252(c).

Defendant's attorney did not appeal a 4-level increase that was not made does not constitute ineffective assistance of counsel.

Finally, Defendant asserted that his attorney should have appealed 2-level increase to his base offense level under U.S.S.G. § 2G2.1(b)(6)(B). The Court did not increase his base offense level under § 2G2.1(b)(6)(B). Instead, the Court increased his base offense level under U.S.S.G. § 2G2.2(b)(6). The Court discerns nothing in Defendant's argument that supports his claim of ineffective assistance of counsel based on the failure to challenge the 2-level increase on appeal.

The Court rejects ground sixteen.

### 17.    Ground seventeen

Defendant maintained that his constitutional right to a fair trial was violated due to prosecutorial misconduct. According to Defendant, the prosecutor engaged in misconduct by (1) making misrepresentations to the grand jury, (2) making misrepresentations to the magistrate judge, (3) representing Defendant during voir dire, (4) using perjured testimony, and (5) making improper statements during the government's closing argument. The government asserted that the claim should have been raised on direct appeal. Defendant responded that his claim, liberally construed, is one of ineffective assistance of counsel and that ineffective assistance of counsel excused his procedural default. *Cf. United States v. Sellner*, 773 F.3d 927, 931-32 (8th Cir. 2014) ("[W]hen a *pro se* petitioner files a second § 2255 motion while her first § 2255 motion is still pending before the district court, the second motion is not barred by AEDPA and should be construed as a motion to amend.").

31

"Prosecutorial misconduct can result in the reversal of a conviction if (1) the prosecutor's conduct or remarks were improper, and (2) the conduct or remarks prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial." *United States v. Alaboudi*, 786 F.3d 1136, 1141 (8th Cir. 2015) (quoting *United States v. Davis*, 534 F.3d 903, 914 (8th Cir. 2008)). "Factors to consider in assessing prejudice include the cumulative effect of any misconduct, the strength of the properly admitted evidence, and any curative actions taken by the trial court." *United States v. Tulk*, 171 F.3d 596, 599 (8th Cir. 1999).

*Grand jury*

According to Defendant, the prosecutor made misrepresentations to the grand jury that issued the superseding indictment. The original indictment alleged that Defendant violated 18 U.S.C. § 1591. At the first trial, the jury returned a guilty verdict. It found that Defendant violated § 1591 "knowing or in reckless disregard of the fact that . . . the individual had not attained the age of 18 and would be caused to engage in a commercial sex act." It did not find that "means of force, threat of force, fraud, coercion, or any combination of such means would be used to cause a minor to engage in a commercial sex act." Notwithstanding the jury's verdict, the superseding indictment charged Defendant with violating § 1591 based in part on § 1591's "force, fraud, or coercion" prong. Thus, Defendant argued, the prosecutor presented to the grand jury conduct that Defendant was acquitted of in the first trial to obtain the superseding indictment.

Defendant filed a motion to dismiss based on double jeopardy. The government responded that it did not intend "that the defendant be retried" on the "force, fraud, or

coercion" prong of § 1591. The Court granted in part Defendant's motion to dismiss, stating that the government "may not retry Defendant on the force, fraud, or coercion prong of 18 U.S.C. § 1591." Defendant experienced no prejudice from the government's alleged misconduct.

### Magistrate judge

According to Defendant, the government misrepresented to the magistrate judge who considered his motions to suppress on remand the decision made by a different magistrate judge who considered his motions to suppress before his first trial. Defendant experienced no prejudice from the alleged misrepresentation to the second magistrate judge. Defendant moved to suppress the evidence before his second trial. The government opposed the motion, stating that Defendant "can seek to exclude the evidence at trial on the bases that he lists in his motion." The Court denied Defendant's motion.

### Voir dire

Defendant maintained that the government had a conflict of interest by representing him during voir dire. For essentially the same reasons set forth in ground two, this claim has no merit.

### Perjured testimony

According to Defendant, the government knowingly used perjured testimony. He claims that a witness falsely testified about the witness's age when the witness first met Defendant. "To prove prosecutorial use of false testimony, a defendant must show that: (1) the prosecution used perjured testimony; (2) the prosecution should have known or

actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." *United States v. Espinoza*, 684 F.3d 766, 780 (8th Cir. 2012) (quoting *United States v. Funchess*, 422 F.3d 698, 701 (8th Cir. 2005)). Defendant has not demonstrated that the government used perjured testimony, that the government knew or should have known of the alleged perjury, or that there is a reasonable likelihood that the perjured testimony could have affected the jury's verdict.

*Closing argument*

Defendant asserted that the prosecutor made improper statements about the ages of a witness and of unknown individuals whose photographs were found on Defendant's computer. In the statements identified by Defendant, the prosecutor remarked on how young the girls looked. "Prosecutors are entitled to argue reasonable inferences to be drawn from the facts in evidence during closing arguments." *Id.* at 782 (quoting *United States v. Frokjer*, 415 F.3d 865, 874 (8th Cir. 2005)). The Court rejects Defendant's contention that the prosecutor's arguments were improper.

Individually or collectively, the alleged instances of prosecutorial misconduct do not warrant relief. They provide no basis for an ineffective assistance of counsel claim. The Court rejects ground seventeen.

## II.    Conclusion

Except as to part of ground six, the Court denies Defendant's § 2255 motion without an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("An evidentiary hearing may be denied . . . if the motion, files, and records of

the case conclusively show that the movant is not entitled to relief.").  The Court vacates the convictions and sentences on counts 8, 9, and 10 of the superseding indictment.

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B) (2012); Fed. R. App. P. 22(b)(1).  A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  Here, Defendant has not shown that reasonable jurists would find the rejection of his claims debatable or wrong.  Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Defendant's § 2255 motion [Docket No. 448] is GRANTED IN PART and DENIED IN PART.

2.    Defendant's motion for sanctions [Docket No. 454] is DENIED.

3.      Defendant's motion for reconsideration [Docket No. 472] is DENIED.

4.      Defendant's motion to take his § 2255 motion out of abeyance [Docket No. 475] is GRANTED.

5.      Defendant's motion to supplement [Docket Nos. 476 and 477] is GRANTED.

6.      Defendant's motion for appointment of a magistrate judge [Docket No. 479] is DENIED.

7.      Defendant's convictions and sentences in counts 8, 9, and 10 of the superseding indictment are VACATED.

8.      A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 14, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge